UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

In Re: Application of                          )
HERAEUS KULZER for Order                       )
Pursuant to 28 U.S.C. § 1782                   )
to Take Discovery Pursuant to the              )   CAUSE NO. 3:09-CV-183 RM
Federal Rules of Civil Procedure               )
for Use in Foreign Proceedings                 )

OPINION and ORDER

This cause is before the court on the objections of Heraeus Kulzer GmbH to Magistrate Judge Christopher A. Nuechterlein's April 8, 2009 Opinion and Order granting the motion of Biomet, Inc. and Biomet Orthopedics, LLC (collectively, Biomet) to vacate Heraeus' application to take discovery pursuant to 28 U.S.C. § 1782 and quash the subpoenas issued in connection with that application. Heraeus argues, under Federal Rule of Civil Procedure 72(a), that Magistrate Judge Nuechterlein based his order on erroneous fact finding and a misapplication of the law, and the denial of the discovery requests will deprive Heraeus of an opportunity to obtain evidence in support of its misappropriation of trade secrets action against Biomet, currently pending in Germany. A review of the parties' submissions convinces the court that oral argument isn't necessary, and for the reasons that follow, the court overrules Heraeus' objections to the Magistrate Judge's order.

Federal Rule of Civil Procedure 72(a) provides that once a timely objection to a magistrate judge's decision has been filed, a court may modify or reverse any

portion of a magistrate judge's decision on a non-dispositive issue upon a showing that the decision is clearly erroneous or contrary to law. *See* Hall v. Norfolk Southern Ry. Co., 469 F.3d 590, 594-595 (7th Cir. 2006) ("The Federal Rules of Civil Procedure provide that when parties object to a magistrate judge's order, district judges are to review nondispositive decisions for clear error and dispositive rulings de novo."). Under the clearly erroneous standard, the reviewing court "is not to ask whether the finding is the best or only conclusion permissible based on the evidence. Nor is it to substitute its own conclusions for that of the magistrate judge. Rather, the court is only required to determine whether the magistrate judge's findings are reasonable and supported by the evidence." Berman v. Congressional Towers Ltd. P'ship, 325 F. Supp. 2d 590, 592 (D.Md. 2004); *see also* Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997) (district court can overturn magistrate judge's ruling only if "left with the definite and firm conviction that a mistake has been made"); F.T.C. v. Pacific First Benefit, LLC, 361 F. Supp. 2d 751, 754 (N.D. Ill. 2005) (magistrate judge's ruling should be set aside or modified only if it contains "some clearly apparent mistake"). If the case permits two permissible views, the magistrate judge's ruling shouldn't be overturned solely because the reviewing court would have chosen the other view. Hunter v. Dutton, No. 06-0444, 2009 WL 230088, at *1 (S.D. Ill. Jan. 30, 2009).

A discovery request under 28 U.S.C. § 1782(a) requires a court to consider the requirements of the statute, the factors identified in Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241 (2004), "and any other relevant factors and ask

whether, taken as a whole, the reasons supporting the request are more persuasive than those offered in opposition to it. In short, when [a court] exercises its discretion under § 1782(a), [the court] should have 'a good reason.'" In re Application of Procter & Gamble Co., 334 F. Supp. 2d 1112, 1114 (E.D. Wis. 2004) (*citing* Kestrel Coal Pty. Ltd. v. Joy Global, Inc., 362 F.3d 401, 406 (7th Cir.2004)). "[A] district court is not required to grant § 1782(a) request simply because it has the authority to do so." Intel v, Advanced Micro Devices, 542 U.S. at 264. Section 1782(a) "authorizes, but does not require, a federal district court to provide judicial assistance to foreign or international tribunals or to 'interested persons' in proceedings abroad." 542 U.S. at 247.

Magistrate Judge Nuechterlein's Opinion and Order shows that he first properly noted and considered the statutory factors – whether the person from whom discovery is sought resides or is found in the district of the court to which the application is made, whether the discovery is for use in a proceeding before a foreign tribunal, and whether the application is made by a foreign or international tribunal or any interested person – and concluded that Heraeus' application for discovery was appropriate under the statue. *See* Opinion and Ord. (Apr. 8, 2009), at 5. He then considered the discretionary factors established in Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. at 264-266 – whether the respondents are parties in the foreign proceeding; the nature of the foreign tribunal and its receptivity to discovery assistance from a United States court; whether the discovery application conceals an attempt to circumvent foreign discovery

3

practices; and the breadth and intrusiveness of the discovery requests themselves – as well as the parties' expert declarations that set forth differing explanations and interpretations of German law and procedures. Biomet relied on statements of Dr. Wolfgang Witz, and Heraeus submitted more than one declaration of Dr. Friedrich Klinkert. The Magistrate Judge then concluded that the totality of the circumstances supported Biomet's request that Heraeus' subpoenas and discovery requests be quashed.

Perhaps the Magistrate Judge construed the discretionary factors more narrowly than another court might have, *see* Hunter v. Dutton, No. 06-0444, 2009 WL 230088, at *1 (S.D. Ill. Jan. 30, 2009) ("if there are two permissible views, the reviewing court should not overturn the decision solely because it would have not chosen the other view"), but a review of these discovery requests supports the Magistrate Judge's conclusion that the discovery requests are vague and overbroad and impermissibly seek potentially confidential or privileged information.

Heraeus defends its document requests by stating that it seeks "discovery of Biomet's development story – from conception to finished formula and the steps used to manufacture the products." Obj., at 18. The requests at issue, though, seek more than a development story: Heraeus' requests seek documents going back to 1996 on numerous topics [requests 2, 4, 11(a)-(e)]; documents relating to actions taken by another company, not Biomet [requests 3, 5, 6]; "[a]ll documents referring or relating to" Biomet's communications with other companies about its bone cement products [requests 8, 9, 10]; "[a]ll documents referring or relating to

4

the development and production of" Biomet's bone cement products [request 7]; and "[a]ll documents referring or relating to communications within Biomet" about the development of its bone cement products [request 12]. The requests seek disclosure of information about the raw materials, characteristics, test routines, and manufacturing instructions and specifications of Biomet's bone cement products (requests 7, 8, 9, 10, 11, 12). Heraeus' requests specify that the term "documents" is to "be defined to the broadest extent permitted by law;" the term "communications" includes "any form of communication from one person or entity to another, including without any limitation any oral or electronic communication, whether in person, by telephone or otherwise;" and the terms "concerning" or "relating to" mean "in any way relevant to the subject matter of the request."

Heraeus claims the Magistrate Judge's "critique of [its] discovery requests is not justified," Obj., at 17, and complains that the Magistrate Judge didn't hold a hearing so it could correct his "misconceptions about the scope of the discovery sought." Obj., at 18. Heraeus then argues that its discovery requests "can and should be narrowed," Obj., at 19, noting the Second Circuit's preference that a court issue "a closely tailored discovery order" rather than denying relief outright, citing In re Metallgesellschaft, 121 F.3d 77, 80 (2d Cir. 1997). Heraeus, though, didn't argue or suggest to the Magistrate Judge that the discovery requests should or could be modified. Rather, Heraeus argued to Magistrate Judge Nuechterlein that Biomet had mischaracterized the discovery requests and exaggerated its complaints about the requests; Heraeus insisted that the discovery sought was

5

relevant and related to "discrete topics;" and Heraeus concluded that "the court should only grant the discovery requested by Heraeus." Opp., at 17. Heraeus can't now claim that Magistrate Judge Nuechterlein should have interpreted those arguments as a suggestion that its discovery requests be modified.

The Intel Court noted that Section 1782(a) "leaves the issuance of an appropriate order to the discretion of the court which, in proper cases, may refuse to issue an order or may impose conditions it deems desirable." 542 U.S. at 260-261 (*quoting* S. Rep. No. 1580, at 7 (1964), *reprinted in* 1964 U.S.C.C.A.N. 3782, 3788). Heraeus claims that "any concerns about over-breadth, vagueness and relevance are easily overcome by modifying the subpoenas, to the extent necessary," Obj., at 18, an option still open to Heraeus, but not one this court is willing to undertake based on the motion currently under review.[1] The court concludes that Magistrate Judge Nuechterlein's decision to quash Heraeus' subpoenas and discovery requests is neither clearly erroneous nor contrary to law. Heraeus' request for oral argument [docket # 36] is DENIED; Heraeus' objections [docket # 35] are OVERRULED; and the Magistrate Judge's April 8, 2009 Opinion and Order [docket # 34] is AFFIRMED in its entirety.

SO ORDERED.

---

[1] Heraeus' reply brief sets forth proposed modifications to its discovery requests, modifications not presented to the Magistrate Judge. Arguments not made to the magistrate, but available to the movant at the time of the submission to the magistrate, "are to be excluded as reconsideration arguments." Entact Servs., LLC v. Rimco, Inc., 526 F. Supp. 2d 213, 223 (D.P.R. 2007); *see also* Harper v. Vigilant Ins. Co., 433 F.3d 521, 528 (7th Cir. 2005) ("The argument is more developed in [the] reply brief, but this is too little, too late, for arguments raised for the first time in a reply brief are [also] waived."); Borden v. Secretary, HHS, 836 F.2d 4, 6 (1st Cir. 1987) ("Parties must take before the magistrate, not only their 'best shot' but all of their shots.").

6

ENTERED: __July 9, 2009__

                      __/s/ Robert L. Miller, Jr.__
                      Chief Judge
                      United States District Court